UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LAURA TROJNAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CASE NO. | 2 10CV 049 |
| | ) | |
| THE METHODIST HOSPITALS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Laura Trojnar (hereinafter "Trojnar") brings this Complaint against The Methodist Hospitals, Inc. (hereinafter "Defendant") for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

### II. Parties

2. Trojnar is a United States citizen who has resided and/or worked within the geographic boundaries of the Northern District of Indiana, Hammond Division, at all times relevant to this action.

3. Defendant is a non-profit domestic corporation doing business and maintaining offices within the geographic boundaries of the Northern District of Indiana, Hammond Division.

### III. Jurisdiction and Venue

4. This Court has federal question jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331.

-1-

5. At all times relevant to this action, Trojnar was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

6. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

7. Venue is proper in this Court because all events giving rise to this lawsuit occurred with the Northern District of Indiana, Hammond Division.

### IV. Factual Allegations

8. Trojnar commenced her employment with Defendant in or around March of 1999 as a Registered Nurse.

9. At all times relevant, Trojnar held the position of Cardiovascular Data Specialist Registered Nurse.

10. At all times relevant, Trojnar continuously met the reasonable and legitimate expectations associated with her position.

11. As a Cardiovascular Data Specialist Registered Nurse, Trojnar's duties included, but were not limited to, collecting and submitting data to the American College of Cardiology ("ACC") and the Society of Thoracic Surgeons ("STS"). Trojnar also acted as a floating Registered Nurse.

12. Pursuant to its contracts with ACC and STS, Defendant was required to pay annual fees to ACC and STS for their services.

13. Defendant failed to pay its fees to ACC and STS in 2007, 2008, and 2009.

14. In spite of Defendant failing to pay its fees, Trojnar believed, based on representations from management, that Defendant would pay its fees and continue her position of Cardiovascular Data Specialist.

15. On or about October 7, 2008, Defendant approved intermittent FMLA leave for Trojnar to care for her spouse, who had a serious health condition.

16. In or around June of 2009, Defendant unilaterally changed Trojnar's work schedule from Monday through Friday to Tuesday through Saturday.

17. Trojnar informed Defendant that she could not work weekends due to her need to help care for her husband's serious health condition.

18. In spite of Defendant's knowledge of Trojnar's need to use FMLA on weekends, Defendant continued to demand that Trojnar work on Saturdays.

19. On or about Saturday, June 20, 2009, Trojnar utilized FMLA leave to take care of her husband.

20. On or about June 26, 2009, Defendant extended Trojnar's intermittent FMLA leave until December 23, 2009.

21. On or about Saturday, June 27, 2009, Trojnar utilized FMLA leave to take care of her husband.

22. On or about Saturday, July 4, 2009, Trojnar utilized FMLA leave to take care of her husband.

23. On or about Saturday, July 11, 2009, Trojnar utilized FMLA leave to take care of her husband.

24. On or about July 23, 2009, Trojnar sent a letter to Defendant's Human Resources Department and Hoekema stating, *inter alia*, that she could not find a caregiver for her husband on the weekends and she would be using FMLA leave to care for her spouse on Saturdays.

25. On August 14, 2009, Defendant terminated Trojnar's employment.

26. When Trojnar asked why her employment was ending, Hoekema stated that Defendant was not going to continue with the position of Cardiovascular Data Specialist Registered Nurse.

27. Trojnar asked Hoekema if any other positions were available. Heokema informed Trojnar that she was not eligible for any other positions.

28. At the time of termination, Defendant had positions available for which Trojnar was qualified and eligible.

29. Defendant terminated Trojnar because she requested and used FMLA leave.

## V. Legal Allegations

### Count One: FMLA - Discrimination/ Retaliation - 29 U.S.C. § 2615(a)(2)

30. Trojnar incorporates all of the allegations set forth in paragraphs one (1) through twenty-nine (29) of this Complaint as if stated fully herein.

31. Trojnar engaged in protected activity under the FMLA.

32. Defendant's termination of Trojnar's employment is an adverse employment action under the FMLA.

33. Defendant terminated Trojnar because of her protected activity under the FMLA.

34. Defendant's actions were intentional, willful, done in bad faith, and in reckless disregard of Trojnar's federally protected rights under the FMLA.

## VI. Relief Requested

1. Trojnar seeks reinstatement to her former position or front pay in lieu thereof.

2. Trojnar seeks injunctive relief to bar Defendant from further acts of interference and/or retaliation intended to interfere with, restrain or deny Trojnar's exercise of, or attempts to

exercise, her rights under the FMLA.

3. Trojnar seeks all compensation, including lost wages and benefits, and all other compensatory monetary loss suffered as a result of Defendant's unlawful actions in an amount that will make her whole. Trojnar seeks all health insurance costs and medical expenses, including COBRA costs and expenses.

4. Trojnar seeks liquidated damages for Defendant's bad faith violations of the FMLA.

5. Trojnar seeks payment of her reasonable attorney fees and costs associated with this action.

6. Trojnar seeks pre-judgment and post-judgment interest on all sums recoverable.

7. Trojnar seeks any and all other legal and equitable relief to which she is entitled.

Respectfully submitted,

*/s/ John H. Haskin*
John H. Haskin (7576-49)

*/s/ Ryan P. Sink*
Ryan P. Sink (27350-29)

Attorneys for Plaintiff

HASKIN & LARUE, LLP
255 North Alabama Street
Suite 200
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570

## VII. Demand for Jury Trial.

The Plaintiff, Laura Trojnar, by counsel, respectfully requests a trial by jury as to all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)

Ryan P. Sink (27350-29)